**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 1 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORY W. ABBOTT, a/k/a
Christopher Derek Abbott, Greg W.
Abbott, Gregory Williard Abbott,
Gregory Willard Abbott, Michael
Kellogg and Greg Abbott,

Defendant-Appellant.

No. 02-6234
(D.C. No. CR-02-38-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Gregory W. Abbott appeals the district court's enhancement of his sentence by three points for possessing or brandishing a dangerous weapon. Because the district court did not err in applying the guidelines to increase defendant's sentence, we affirm.

In February 2002, defendant entered a bank in Oklahoma and handed the teller a note stating "This is a robbery!  Hand over all cash. Please don't cause anyone to be hurt!"   *See* Defendant's Motion to Show Cause, Ex. 2.  During the robbery, defendant kept his right hand at his waistband, partially obscured by his jacket.  At sentencing, the bank teller testified that defendant appeared to have his hand on an object with a black handle, and that when she hesitated he indicated that he had something at his waist.  The bank security photos show defendant's hand at his waist, obscured by his jacket, throughout the robbery, and in one photo he appears to emphasize his hand.   *See Anders*  Br., Ex. C.

Applying § 2B3.1(b)(2)(E) of the United States Sentencing Guidelines Manual (USSG), the district court increased defendant's offense level by three levels for possessing or brandishing a dangerous weapon during the robbery.  The district court found that defendant's conduct, coupled with his threat of harm in the note, created the impression that he had a weapon capable of inflicting death or serious bodily injury.

Defendant challenges this ruling. His appointed counsel has filed an *Anders* brief and a motion to withdraw from the case. *See Anders v. California*, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be frivolous to advise the court, request permission to withdraw, and submit a brief referring to portions of the record that arguably support the appeal). As required, copies of the *Anders* brief and the motion to withdraw were provided to defendant, who has filed a response. *See* Defendant's Motion to Show Cause. Pursuant to our duty under *Anders*, we have conducted an independent review of the record and find no arguable basis for reversing defendant's sentence. Counsel is therefore granted leave to withdraw, and we will not appoint a new attorney for defendant. *See id.*

The district court's legal interpretation and application of the guidelines are reviewed *de novo*. *United States v. Farrow*, 277 F.3d 1260, 1262 (10th Cir. 2002). "However, we review factual findings underlying upward adjustments with deference, overturning them only upon a determination that the findings were clearly erroneous or without factual support in the record such that our review leaves us with the firm and definite conviction that a mistake has been made." *Id.* (further quotation omitted).

Defendant argues that the district court erred in enhancing his sentence because it is undisputed that he did not possess a "firearm" during the robbery. Defendant's Motion to Show Cause at 1-6. Defendant's sentence was not

enhanced, however, for possessing a "firearm," which requires a five-level enhancement. *See* USSG § 2B3.1(b)(2)(C). Instead, his offense level was increased by three levels for possessing or brandishing a dangerous weapon. *Id.* at § 2B3.1(b)(2)(E). Application Note 2(B) to this section specifically states that a "dangerous weapon" includes an object used by defendant "in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury ( <u>e.g.</u>, a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun)".

In *Farrow* , we considered a similar situation and held that the defendant's "concealed hand may be an object which potentially triggers the three-level enhancement under § 2B3.1(b)(2)(E)." 277 F.3d at 1267. There, defendant kept his hand in his pocket and told a bank teller not to make a scene or he would do something reckless. Although defendant did not actually have a gun, we approved the court's three-level increase to defendant's sentence because his conduct and threats created the impression that he had a dangerous weapon. *See also United States v. Dixon* , 982 F.2d 116, 124 (3d Cir. 1992) (approving a three-level enhancement for a defendant who covered her hand with a towel to simulate a weapon); *United States v. Souther* , 221 F.3d 626, 629-30 (4th Cir. 2000) (holding defendant's hand appeared to be a dangerous weapon because it was concealed in his coat pocket and because he told the teller via the note that he possessed a gun).

The policy underlying these cases is that even the perception of a dangerous weapon has the potential to add significantly to the danger of injury or death. As explained in *Farrow*, "[d]uring the course of a robbery, people confronted with what they believe to be a dangerous weapon often find their perception impaired because of fear and the threat of violence. That perceived fear and threat can itself trigger a violent and even deadly response." 277 F.3d at 1267 (further quotation omitted).

In this case, the record supports the district court's factual finding that defendant's concealed hand and threatening note created the impression that he had a dangerous weapon. Thus it cannot be argued that the district court committed clear error in increasing defendant's sentence by three levels under § 2B3.1(b)(2)(E) of the Sentencing Guidelines.

Defendant also argues that his attorney was ineffective both at trial and on appeal. We have held that a direct criminal appeal is not the appropriate proceeding in which to raise claims of ineffective assistance of counsel. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Such claims are more appropriately raised in a 28 U.S.C. § 2255 proceeding, to permit full development of the facts in the district court. *See Massaro v. United States*, 123 S. Ct. 1690, 1694-95 (2003); *Galloway*, 56 F.3d at 1240.

Appointed counsel's Motion to Withdraw is GRANTED. Defendant's Motion to Amend and Motion to Show Cause are DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge