**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN G. MAXWELL,

Defendant-Appellant.

No. 03-7063

Eastern District of Oklahoma

(D.C. No. 03-CR-015-P)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Appellant Kevin G. Maxwell, a first time offender, robbed a bank in Durant Oklahoma, armed with nothing more than his hand inside his jacket pocket, which

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the teller believed was a weapon.  Specifically, he approached the teller and told her to place all her money in a white bag, starting with the "big bills."  At least twice he told her to hurry.  When the teller asked him to repeat what he had said, he moved his hand inside his coat, which led her to believe he had a weapon.  Throughout the duration of the robbery, he kept his hand in his coat.  The bank surveillance camera showed him at the teller station with his right hand reaching across his torso, concealed inside his jacket.  At one point, he said to her: "You better have more than that."  After receiving the money, Mr. Maxwell apologized to the teller, left the building, and was apprehended twenty minutes later with the money but with no weapon.

Mr. Maxwell confessed and later pleaded guilty to the bank robbery, without a plea agreement.   At sentencing, he received a three-level enhancement under U.S.S.G. §2B3.1(b)(2)(E), which applies "if a dangerous weapon was brandished or possessed" during the course of a robbery.  The district court explained that "[t]he guideline enhancement pursuant to §2B3.1(b)(2)(E) does apply when a defendant creates an impression [he] possess[es] an object capable of inflicting death or serious bodily injury."  The court found the Guideline applicable, noting that Mr. Maxwell moved his hand inside his coat in response to a question from the teller, and kept his hand in his jacket for the remainder of the encounter, "which suggested to her the presence of a weapon and created a

perceived threat." The district court also observed that Mr. Maxwell had made a "threatening remark," namely: "You better have more than that." The court concluded by finding that "the defendant's actions did indeed create the impression that the defendant possessed a dangerous weapon."

On appeal, Mr. Maxwell concedes that an enhancement under §2B3.1(b)(2)(E) does not require that the defendant actually have a dangerous weapon; it is sufficient that "the defendant 'used the object in a manner that created the impression that the object' was a dangerous weapon." Appellant's Br. 6, quoting §2B3.1, comment (n.2). He argues, however, that under the facts of this case, the district judge erred in his conclusion that the enhancement applies.

In reviewing a district court's finding that the defendant possessed a dangerous weapon within the meaning of §2B3.1(b)(2)(E), this court reviews for clear error, meaning that we ask whether the findings are adequately supported in the record and not clearly erroneous. *United States v. Farrow*, 277 F.3d 1260, 1268 (10th Cir. 2002). We review *de novo* Mr. Maxwell's claim that the district court did not apply the correct legal standard. *Id.* at 1262.

Numerous decisions of this and other courts have found that a concealed hand may be the basis for an enhancement under §2B3.1(b)(2)(E). See, e.g., *Farrow*, *id.*; *United States v. Abbott*, 69 Fed. Appx. 936, 937 (10th Cir. 2003) (unpublished); *United States v. Souther*, 221 F.3d 626, 629 (4th Cir. 2000);

*United States v. Dixon*, 982 F.2d 116, 121 (3d Cir. 1992). In *Farrow*, this Court held that whether a robber has created an impression that he has a dangerous weapon must be evaluated under an objective standard: whether a reasonable person would perceive the object (here, Mr. Maxwell's hand inside his jacket pocket) as a dangerous weapon. 277 F.3d at 1268.

The mere fact that the victim perceived that the defendant had a weapon is not dispositive. *Id.* at 1268. As we said in *Farrow*, "boundaries must be drawn to insure that innocent conduct is not punished due solely to potentially unreasonable perceptions of particular victims." *Ibid.* Courts must examine the totality of the evidence, including words spoken and the surrounding context, to determine whether it was reasonable for the victim to think that the defendant was wielding a weapon. In *Farrow*, for example, the bank robbery defendant held his hand inside a pocket and told the teller: "don't try anything funny. Don't make a scene or I'll do something reckless." *Id*. at 1261-62. In *Abbott*, the robber said: "This is a robbery! Hand over all cash. Please don't cause anyone to be hurt!" 69 Fed. Appx. at 937. [1]

In concluding that Mr. Maxwell's actions reasonably gave the impression that he was in possession of a dangerous weapon, the district court did not rely solely on the subjective reaction of the teller, but properly considered the entire

---

[1] We cite *Abbott* not as binding precedent but simply as an illustration.

context, including the timing of the movement of his hand to his pocket (in reaction to a question from the teller), its duration (until the end of the robbery), and his potentially threatening words ("You better have more than that"). We cannot say that the court's conclusion was clear error. Mr. Maxwell's actions themselves are not distinguishable from those that the Court found worthy of the enhancement in *Farrow*. While the words spoken by Mr. Maxwell were less obviously threatening than those in *Farrow* and *Abbott*, the district court did not clearly err in deeming them "threatening." Mr. Maxwell has admitted that the teller was "intimidated" by his actions; it stands to reason that she was intimidated because she thought he carried a weapon.

Appellant also argues that the district court implicitly applied an erroneous legal standard, because it did not consider evidence of his lack of intent. We do not think the district court erred. As we have explained, the standard for judging whether an object used by a robber is reasonably perceived as a dangerous weapon is objective. While the intention of the defendant and the perception of the victim may be relevant evidence, neither is a necessary or conclusive element. To be sure, as Appellant points out, this Court in *Farrow* referred to evidence suggesting that the defendant had an intent to convey the impression he was carrying a weapon, but the Court did not suggest this was anything more than one element in the totality of the circumstances. *Farrow*, 277 F.3d at 1268.

The judgment of the United States District Court for the Eastern District of Oklahoma is **AFFIRMED** .

Entered for the Court,


Michael W. McConnell

Circuit Judge